# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 18-683V
Filed: December 10, 2021
UNPUBLISHED

|  |  |
|---|---|
| MERRICK BRUNKER,<br><br>　　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　　　Respondent. | Special Master Horner<br><br>Petitioner's Motion for Decision Dismissing Petition; Meningococcal vaccine; Human Papillomavirus (HPV) vaccine |

*Phyllis Widman, Widman Law Firm LLC, Northfield NJ,* for petitioner.
*Alexis B. Babcock, U.S. Department of Justice, Washington, DC,* for respondent.

### DECISION[1]

On May 14, 2018, petitioner filed a claim under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that he suffered myalgias, headaches, unsteady movements, tics, chest pain, aggression and depression, emotional and psychological distress, and significant aggravation of a underlying condition as a result of his July 15, 2016 meningococcal and human papillomavirus ("HPV") vaccinations. (ECF No. 1.) On November 23, 2018, respondent filed his Rule 4 report, recommending against compensation. (ECF No. 20.) Ultimately, petitioner filed a status report on November 16, 2021 indicating that he intended to leave the program in order to pursue a civil action for damages. (ECF No. 82.)

On December 9, 2021, petitioner filed a Motion for a Decision Dismissing his Petition. (ECF No. 84.) Petitioner indicated that "[a]n investigation of the facts and science supporting his case has demonstrated to petitioner that he will be unable to prove that he is entitled to compensation in the Vaccine Program," and that "to proceed

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

further would be unreasonable and would waste the resources of the Court, the respondent, and the Vaccine Program." (*Id*. at 2.) Petitioner further stated that he "understands that a decision by the Special Master dismissing his petition will result in a judgment against him. He has been advised that such a judgment will end all of his rights in the Vaccine Program." (*Id*. at 2.)

To receive compensation in the Vaccine Program, petitioner must prove either (1) that he suffered a "Table Injury" – *i.e.*, an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or (2) that he suffered an injury that was actually caused by a covered vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). To satisfy his burden of proving causation in fact, petitioner must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005). The Vaccine Act, 42 U.S.C. § 300aa-13(a)(1), prohibits the undersigned from ruling for petitioner based solely on his allegations unsubstantiated by medical records or medical opinion.

Based on my review of the entire record, and for all the reasons discussed in prior orders during the pendency of this action (ECF Nos. 61, 69, and 79), petitioner's medical records and expert reports do not support his allegations by a preponderance of the evidence. Accordingly, the undersigned **GRANTS** petitioner's motion for a decision dismissing his petition and **DISMISSES** this petition for failure to establish a *prima facie* case of entitlement to compensation.

## CONCLUSION

This case is now **DISMISSED**. The clerk of the court is directed to enter judgment in accordance with this decision.[2]


**IT IS SO ORDERED.**

<u>s/Daniel T. Horner</u>
Daniel T. Horner
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.