# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 18-683V
Filed: November 29, 2022
UNPUBLISHED

|  |  |
|---|---|
| MERRICK BRUNKER,<br><br>　　　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　　　Respondent. | Special Master Horner<br><br>Motion for Relief from Judgment;<br>RCFC 60(b)(1). |

*Phyllis Widman, Widman Law Firm, LLC, Northfield, NJ, for petitioner.*
*Alexis Babcock, U.S. Department of Justice, Washington, DC, for respondent.*

### ORDER GRANTING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT[1]

On May 14, 2018, petitioner, Merrick Brunker, filed a petition under the National Childhood Vaccine Act, 42 U.S.C. § 300aa-10-34 (2012)[2] alleging that he suffered myalgia, headaches, unsteady movements, tics, chest pain, aggression and depression, emotional and psychological distress caused-in-fact, or alternatively, significantly aggravated, by his July 15, 2016 meningococcal and human papillomavirus ("HPV") vaccinations.  (ECF No. 1, p. 1.)  On December 9, 2021, petitioner voluntarily dismissed his petition.  (ECF No. 84.)  Petitioner subsequently moved for an award of attorneys' fees and costs.  (ECF No. 91.)  On November 3, 2022, I issued a decision finding that petitioner should be awarded attorneys' fees and costs in a reduced amount.  (ECF No. 94.)

---

[1] Because this ORDER contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the order will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy.  If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

[2] Hereinafter, all references to "§ 300aa" refer to sections of the Vaccine Act.

1

After judgment entered on the decision awarding attorneys' fee and costs (ECF No. 96), the parties jointly moved for relief from judgment pursuant to Rule 60(b)(1) of the Rules of the Court of Federal Claims and Vaccine Rule 36 (ECF No. 97). Respondent also requested that the court vacate the decision on attorneys' fees and costs filed on November 3, 2022.  (*Id.* at 1.)  In the decision, the court awarded attorneys' fees and costs in the amount of $35,038.75, representing 34,192.70 in attorneys' fees and costs, and $846.04 in petitioner's costs.  (ECF No. 94, p. 4.) However, the total of the two sums is $35,038.74.  The parties noted that the decision and judgment reflect the incorrect amount and therefore moved for relief from judgment and requested that the court issue a corrected decision.  (ECF No. 97, pp. 1-2.)   This matter is now ripe for adjudication.

**I.       Legal Standard**

Vaccine Rule 36(a) allows a party to seek relief from judgment pursuant to RCFC 60.  In determining whether a judgment should be set aside or altered, "the need for finality of judgments" must be balanced against "the importance of ensuring that litigants have a full and fair opportunity to litigate."  *Kennedy v. Sec'y of Health & Human Servs.*, 99 Fed. Cl. 535, 539 (2011) (citing *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 276 (2010)); *see also Bridgham ex rel. Libby v. Sec'y of Health & Human Servs.*, 33 Fed. Cl. 101, 104 (1995) (discussing the "tension between the goals of ensuring that the court's judgment appropriately reflects the adjudication of the parties' rights and of providing the parties with certainty as to those rights").

"The court has discretion regarding whether to grant relief under rule 60(b), 'and the court may weigh equitable considerations in the exercise of its discretion.'"  *Curtis v. United States*, 61 Fed. Cl. 511, 512 (2004) (citing *Dynacs Eng'g Co. v. United States*, 48 Fed. Cl. 240, 241-42 (2000)).  Rule 60(b) as a remedial provision is to be "liberally construed for the purpose of doing substantial justice." *Patton v. Sec'y of Health & Human Servs.*, 25 F.3d 1021, 1030 (Fed. Cir. 1994).  However, relief should not be granted "if substantial rights of the party have not been harmed by the judgment." *Dynacs Eng'g Co.*, 48 Fed. Cl. at 242.

Under RCFC 60(b), the court may grant relief from a final judgment on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence . . . ;
> (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

RCFC 60(b).  Motions for relief under RCFC 60(b) "seek . . . to set aside a final decision and it is incumbent upon the motion-filer to demonstrate that [s]he . . . is entitled to relief."  *Kennedy*, 99 Fed. Cl. at 550.  The motion's statements are "not like a pleading . . . in which the factual allegation[s] are presumed true."  *Id.*

RCFC 60(b)(1) allows post judgment relief for "mistake, inadvertence, surprise, or excusable neglect."  The Rules do not define the meaning of "mistake" under Rule 60(b)(1); however, the U.S. Court of Federal Claims has held that the term encompasses "[a]n error, misconception, or misunderstanding; an erroneous belief."  *Curtis*, 61 Fed. Cl. at 514 (2004) (quoting Black's Law Dictionary, 1017 (7th ed. 1999)).  The "mistake" at issue may be on the part of a party, counsel, or the court.  *Id.* at 514-15.  RCFC 60(c)(1) requires that "[a] motion under RCFC 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3), no more than a year after the entry of the judgment or order or the date of the proceeding."  RCFC 60(c)(1).  To establish a meritorious claim, a claim needs to be legally tenable.  *See Curtis v. United States*, 61 Fed. Cl. 511, 512-13 (2004); *Stelco Holding Co. v. United States*, 44 Fed. Cl. 703, 709 (1999).  The claim must be meritorious prior to any grant of relief under RCFC 60(b) such that "vacating the judgment will not be an empty exercise."  *Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co.*, 953 F.2d 17, 20 (1st Cir. 1992).

## II.     Analysis

Petitioner seeks post-judgment relief pursuant to RCFC 60(b)(1) based on mistake or inadvertence.  Pet. Memo. at 2-3.  I agree that RCFC 60(b)(1) is applicable and find the parties have established a basis for seeking relief from judgment under RCFC 60(b)(1).  The parties' motion notes that the correct amount to be awarded is $35,038.74, and petitioner was mistakenly awarded more than he is entitled, albeit by a negligible amount of $00.01.  (ECF No. 97, p. 2.)  Therefore, relief under RCFC 60(b)(1) is appropriate in this case.

## III.     Conclusion

**For the reasons discussed above, the parties' motion for relief from judgment is GRANTED and the judgment is VACATED.  The November 3, 2022, Decision at ECF No. 94 is WITHDRAWN.  Accordingly, the Clerk's Office is hereby directed to WITHDRAW the Decision (ECF No. 94) and vacate the judgment (ECF No. 96).  A corrected decision will be issued.**

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master
